966 F.2d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Everett COX, Plaintiff-Appellant,
v.
Wallace WILKINSON; John Wigginton; John Runda; Shirley
Sharp; Steve Smith, Defendants-Appellees.
 No. 92-5101.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 ORDER
 This pro se plaintiff moves for the appointment of counsel in his appeal from the district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Michael Everett Cox, a former Kentucky prisoner currently incarcerated in Indiana, sought an award of damages for his unlawful confinement in Kentucky following revocation of parole without a hearing.
 In 1975, Cox was paroled from a ten year sentence for a 1973 conviction. In 1981, while on parole, Cox committed a new offense which resulted in another ten year sentence and the automatic revocation of parole without a formal hearing pursuant to Ky.Rev.Stat. § 439.352. In December 1989, the ten year sentence imposed in 1981 was vacated.
 
 
 1
 In 1990, through a petition for a writ of habeas corpus, Cox challenged the constitutionality of continued custody based on the 1981 conviction. The writ was granted. In his civil rights complaint, Cox maintained that because the 1981 conviction was not valid, there was no probable cause to support the automatic revocation of parole in 1981 and his incarceration was unlawful. Finding the claims untenable, the district court dismissed the complaint for lack of jurisdiction.
 
 
 2
 Upon review, we affirm for the reasons stated by the district court, yet also conclude that it had jurisdiction to review the claims on the merits. The dismissal is hereby modified to be entered on the merits and not for lack of jurisdiction.
 
 
 3
 To the extent Cox sought monetary damages against defendant officials or their successors in their official capacity, defendants are entitled to Eleventh Amendment immunity to the same extent as the real party in interest, the governmental entity. See Hafer v. Melo, 112 S.Ct. 358, 361-62 (1991). Moreover, to the extent Cox sought to impose individual or personal liability on defendants, dismissal was also proper. Defendants in this case were entitled to qualified immunity because Cox did not show that the lack of a revocation hearing in 1981 denied him a clearly established right. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Poe v. Haydon, 853 F.2d 418, 423 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989).
 
 
 4
 Accordingly, the motion for appointment of counsel is denied and the district court's order, as modified to be a dismissal on the merits, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.